FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA** 2012 OCT 17 AM 11: 24
**OCALA DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**TERESA CROWN,**

 **Plaintiff,**

v.

**ROBERT JAMES & ASSOCIATES ASSET**
**MANAGEMENT, INC. D/B/A ROBERT**
**JAMES & ASSOCIATES, LLC,**

 **Defendant.**
_____/

Case No.. 5:12.cv-581-oc-99MMH
PRL

**Jury Trial Demanded**

## VERIFIED COMPLAINT

Plaintiff, Teresa Crown ("Plaintiff"), sues the Defendant, Robert James & Associates Asset

Management, Inc. d/b/a Robert James & Associates, LLC ("Defendant"), and alleges the following.

1.      This action arises out of Defendant's violations of Florida's Consumer Collection

Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. 1962 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and

15 U.S.C. § 1962 *et seq.* This Court has supplemental jurisdiction over the Plaintiff's FCCPA

claims under 28 U.S.C. § 1367.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in

this District), and/or where Defendant transacts business in this District.

## PARTIES

3.      Plaintiff is a natural person who at all relevant times resided in the State of Florida,

County of Marion, and City of Ocala. Plaintiff is a "consumer" as that term is defined by Fla. Stat.

§ 559.55(2) and the 15 U.S.C. § 1692a(3).

4.      Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.      Plaintiff allegedly defaulted on a debt for a personal credit card provided by Chase.  Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

7.      The debt that Plaintiff incurred was a consumer debt as defined by Fla. Stat. § 559.55(1) and 15 U.S.C. § 1692a(5), and was secured and used primarily for personal, family, and/or household services.

8.      Defendant, through its agents, began a campaign of harassing and abusive efforts to collect the debt owed by Plaintiff.

9.      In connection with collection of an alleged debt in default, Defendant called Plaintiff's parents on August 27, 2012 at approximately 7:30 p.m.  During the call, an agent of the Defendant informed Plaintiff's parents that he works with an "arbitration" firm and that he was calling to collect a debt for Chase from the Plaintiff.  The Plaintiff's parents informed the agent that Plaintiff did not reside with them.  The agent then informed the Plaintiff's parents that Plaintiff had committed credit card fraud and would be going to jail.

10.     The Plaintiff's parents immediately contacted her and informed her of the call. On the same date at 7:45 p.m. the Plaintiff called back the Defendant at 716-831-2565.  The Plaintiff spoke with an agent of the Defendant allegedly named Eric Cline.  The agent stated that

-2-

his personal number was 315-410-2086, which is a number used by Defendant.  During the call, the Plaintiff inquired as to why her parents had been called.  At this time, the agent said that he works for an "arbitration" firm and he was collecting a debt from a Chase credit card.  The Plaintiff informed the agent that she did not have a job and that she could not pay.  The agent threatened Plaintiff that she was doing credit card fraud and that she was going to jail.  The Plaintiff then requested the Defendant's agent to stop calling her and her parents.

11.     Despite Defendant's knowledge that Plaintiff was unable to pay the alleged debt due to her financial circumstances and Plaintiff's requests that Defendant cease contacting her, Defendant continued to call Plaintiff.  On September 20, 2012 at 10:35 a.m., the Plaintiff received a call from an agent of the Defendant.  The agent identified herself as Milley and again informed the Plaintiff that she works for an "arbitration" firm.  The Plaintiff informed the agent that she had already told her company that she could not pay and to quit calling her.  The Defendant's agent then informed Plaintiff that she would put it in her file that she refused to pay, and that she would be sending out "legal" papers to being "legal" action.

12.     On October 4, 2012 at approximately 4:30 p.m., the Plaintiff received a call from the Defendant.  During this call, the Defendant's agent informed the Plaintiff that he works with an "arbitration" firm and that he was calling to collect a Chase credit card debt.  The Plaintiff again said that she could not pay and asked for the Defendant to quit calling her.

13.     On October 5, 2012 at 12:52 p.m. the Plaintiff received yet another call from the Defendant despite her repeated requests for the Defendant to cease calling her.  During this call, the Defendant's agent again said that she works with an "arbitration" firm and that she was calling to collect a Chase credit card debt.  The Defendant's agent informed the Plaintiff that

they would be taking legal action and that the papers were being sent out today (i.e., October 5, 2012).

14.     The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff and give the Plaintiff the implication that the Defendant is or is associated with an attorney by continually representing that the Defendant is an "arbitration" firm and that "legal" papers would be sent.  Despite the Defendant's threats that legal action would be taken, no such action has ever been brought by the Defendant.

## COUNT I

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLORIDA STATUTES § 559.55 *et seq.*

15.     Plaintiff incorporates by reference paragraphs 1 through 14 of this Verified Complaint as though fully stated herein.

16.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to:

    a.    Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

    b.    Fla. Stat. 559.72(10): Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

    c.    Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

17.     Pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each adjudicated violation of the FCCPA, plus her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorney's fees, costs, and such further relief as this Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FDCPA, 15. U.S.C. 1692 § *et seq.*

18.     Plaintiff incorporates by reference paragraphs 1 through 14 of this Verified Complaint as though fully stated herein.

19.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including:  (a) FDCPA, 15 U.S.C. 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; (b) FDCPA, 15 U.S.C. 1692e(3) the false representation or implication that any individual is an attorney or that any communication is from an attorney by stating that the Defendant is an "arbitration" firm and that they would be taking legal action and serving "legal" papers; (c) FDCPA, 15 U.S.C. 1692e(4) the false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person; (d) FDCPA, 15 U.S.C. 1692e(5) the threat to take any action that is not intended to be taken, i.e., representing that legal action will be taken and "legal" papers will be sent when the Defendant did not intend to take this course of action; and (e) FDCPA, 15 U.S.C. 1692e(7) the false representation or implication that the Plaintiff committed credit card fraud in order to disgrace the Plaintiff.

20.     As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to damages in an amount up to $1,000, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## TRIAL BY JURY

21.     Plaintiff demands a trial by jury.

**Dated:**     **October 15, 2012**

DISPARTI FOWKES & HASANBASIC, PLLC

Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
2203 N. Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*

## **VERIFICATION BY PLAINTIFF**

STATE OF FLORIDA

COUNTY OF _Marion_

       Teresa Crown, having first been duly sworn and upon oath, deposes and says as follows:

1.     I am a Plaintiff in this civil proceeding.

2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint, if any, is a true and correct copy of the original.

_Teresa Crown_
Teresa Crown

Subscribed and sworn to before me this _1_ day of _October_, 2012.

_____
Notary Public